**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

Ref: HATCH, CHARLES E, XXX-XX-8071　　　　　　　　　　　　　　　Case#: 05-70650-S
　　　HATCH, THERESA A, XXX-XX-5387
　　　Debtor*

## ORDER CONFIRMING PLAN

　　The debtor's plan filed on Mar 22, 2005, [if appropriate, as modified by a "modification" filed on　　　　　　　　,] having been transmitted to his/her creditors; and it having been determined after notice and a hearing that:

(1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;
(2) any fee, charge, or amount required under 28 U.S.C. Chapter 123 or by the plan, to be paid before confirmation, has been paid;
(3) the plan has been proposed in good faith and not by any means forbidden by law;
(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less the amount that would be paid on such claim if the estate of the debtor is liquidated under 11 U.S.C. Chapter 7 on such date;
(5) with respect to each allowed secured claim provided for by the plan --
　　(A) the holder of such claim has accepted the plan;
　　(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
　　(B)(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
　　(C) the debtor surrenders the property securing such claim to such holder, and
(6) the debtor will be able to make all payments under the plan and to comply with the plan;

## It is ORDERED that:

　　All funds received by the Chapter 13 Trustee on or before the date of an order of the conversion or dismissal shall be disbursed to creditors, unless such disbursement would be de minimis, in which case the funds may be disbursed to the Debtor(s) or paid into the registry of the Court, at the discretion of the Trustee.

　　All funds received by the Chapter 13 Trustee after the date of the entry of the order of dismissal or conversion shall be refunded to the Debtor(s) within 30 days of receipt. Such refunds shall be mailed to the Debtor(s) at their address of record.

　　Subsequent to entry of any order of dismissal or conversion, the Debtor(s) shall not physically visit or appear at the Chapter 13 Trustee's office for any reason, without being accompanied by their attorney of record. This provision of this Order shall survive any subsequent order and the Court retains jurisdiction to enforce the terms of this provision of this Order.

　　The Debtor(s) shall not sell, acquire, or refinance real or tangible personal property in excess of $500.00 in value, without first sending to the Chapter 13 Trustee notice and a complete disclosure of the terms of the proposed sale,

purchase, or refinance, affording the Trustee 30 days to request a hearing.

**It is further ORDERED that:**

1. The debtor's plan [if appropriate, as modified] be and it is hereby confirmed.
2. On Apr 21, 2005, and each month thereafter until further order, DEBTOR SHALL PAY          the employer of the debtor, shall deduct from the wages, salary, or commissions of the debtor and pay,

| | |
|---|---|
| $1,128.00 FOR 52 MONTHS, THEN | George W. Neal |
| $1,500.00 FOR 4 MONTHS. | Chapter 13 Trustee |
| TOTAL FUNDING $64,656.00. | PO Box 30 |
| | Memphis, TN 38101-0030 |

BY THE COURT

Dated: _____          _____
                                                                       Judge

* Include all names used by debtor within last 6 years.

Entered on Docket: _____

George W. Neal, Trustee
870 Greenbrier Circle, Suite 402
Chesapeake, Virginia 23320

CHARLES E & THERESA A HATCH
301 MORTON ST
FRANKLIN VA          23851

JAMES L PEDIGO JR ESQUIRE
223 E CITY HALL AVE SUITE 210
PO BOX 3368
NORFOLK VA          23514-3368